# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ROY PITMAN, )
)
    *Plaintiff*, )
)
v. ) No. 3:17-cv-70
) Reeves/Shirley
BSH HOME APPLIANCES )
CORPORATION, )
)
    *Defendant*. )

## **Memorandum Opinion and Order**

Before the Court is BSH Home Appliance's motion to send this case to arbitration. Roy Pitman was fired by BSH, and this suit followed. Pitman alleges that BSH violated the state Workers' Compensation Law, the Tennessee Disability Law, and the Tennessee Human Rights Act. BSH points out that Pitman signed an arbitration agreement when he joined the company. Thus, BSH contends, Pitman's claims must be sent to arbitration.

All but the Human Rights Act claims must be arbitrated. Under the Federal Arbitration Act, arbitration agreements must be enforced unless state law provides a basis for revocation. 9 U.S.C. § 2. The question here, then, is whether there are grounds not to enforce the arbitration agreement between Pitman and BSH.

To answer this question, the Court undertakes a two-step process. First, the Court must determine whether the arbitration agreement is valid. *See, e.g.*, *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016). If so, the Court must then determine whether the specific dispute before it falls under the agreement. *Id.* Because arbitration agreements are simply contracts, state law applies. *Id.* At the same time, though, all doubts are resolved in favor of arbitration. *Id.* Both validity and scope are disputed here.

The arbitration agreement is valid. To be valid, "a contract must result from a meeting of the minds, be based on sufficient consideration, and be sufficiently definite." *Cadence Bank, N.A. v.*

1

*Alpha Tr.*, 473 S.W.3d 756, 774 (Tenn. 2015). There is no dispute that the Pitman-BSH arbitration agreement satisfies these requirements.

Instead, Pitman levels a defense against enforcement of the agreement. He contends that it is invalid as both adhesive and unconscionable. Pitman asserts that the arbitration agreement was part of the standard forms given to all employees. Thus, he could not work for BSH unless he signed the agreement. Pitman also points out that he didn't even have time to read the agreement before signing it.

None of this makes the arbitration agreement adhesive or unconscionable. A contract is adhesive if it (1) is a standardized form, (2) offered on a take-it-or-leave-it basis, (3) without affording the employee a realistic opportunity to bargain, (4) under such conditions that the employee cannot find work except by agreeing to the contract. *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996). Pitman has not shown that he could not find work without signing BSH's arbitration agreement. True, he probably could not have worked for BSH without signing it. But there is no evidence that Pitman "looked for comparable jobs but was unable to find one." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 502 (6th Cir. 2004) (applying Tennessee law). The arbitration agreement was not a contract of adhesion.

Nor was it unconscionable. "Under Tennessee law, the question of whether a given contract is unconscionable depends on all the facts and circumstances of a particular case." *Berent v. CMH Homes, Inc.*, 466 S.W.3d 740, 750 (Tenn. 2015) (cleaned up). Contracts can be either procedurally or substantively unconscionable. *Wofford v. M.J. Edwards & Sons Funeral Home Inc.*, 490 S.W.3d 800, 818 (Tenn. Ct. App. 2015). Pitman claims that the BSH arbitration agreement was both.

It was neither. Procedural unconscionability exists when there is "an absence of meaningful choice on the part of one of the parties." *Id.* Essentially, what matters here is whether the contract was adhesive. *See id.* As explained above, the arbitration agreement was not adhesive.

Pitman, however, provides an affidavit explaining how he was rushed into signing the agreement and did not understand its implications. [D. 8 Ex. 1]. For several reasons, this affidavit is not enough to prove procedural unconscionability. For one, "it is a bedrock principle of contract law

that an individual who signs a contract is presumed to have read the contract and is bound by its contents." *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011) (cleaned up). For another, Pitman does not claim that he wasn't given the chance to read the agreement. He says only that he did not know what it said and what it would mean for future conflicts. This is not enough to show procedural unconscionability. For still another, inequality of bargaining power is more a matter of substantive unconscionability, because the employee might have been pressured into an unfair agreement. *Cooper*, 367 F.3d at 504. Pitman has failed to show that the BSH arbitration agreement was procedurally unconscionable.

He has also failed to show that the agreement was substantively unconscionable. A contract is substantively unconscionable when its terms are unreasonably one sided. *Wofford*, 490 S.W.3d at 818. Pitman contends that the arbitration agreement forced him into an adjudication process rigged in favor of BSH. But Pitman has offered no proof of why arbitration would be rigged. What's more, the agreement's terms are not unreasonably one sided. BSH can modify the agreement's terms, but only after written notice. [D. 4 Ex. 1 at 10–11]. BSH pays all mediation and arbitration fees. [*Id.* at 9]. And while the agreement is somewhat ambiguous, it appears that BSH is bound to the agreement just as much as Pitman is. The agreement says that arbitration applies to "any unresolved dispute that a BSH employee might have." [*Id.* at 5]. It does not say whether arbitration applies to any unresolved dispute that BSH itself might have. But any doubts are resolved in favor of arbitration. *Richmond Health Facilities*, 811 F.3d at 195. So it appears that BSH is bound to arbitrate at least some disputes. The arbitration agreement is not an adhesion contract, nor is it procedurally or substantively conscionable. It is a valid agreement.

That leaves the scope of the arbitration agreement. Pitman claims that his work contract improperly denied him disability benefits, and that BSH discriminated against him based on his disability. Under the arbitrations agreement's plain language, these claims are within the scope of the agreement. [D. 4 Ex. 1 at 5–6]. At the same time, however, "the Tennessee Human Rights Act is exempt from the provisions of the Federal Arbitration Act." *Jacobsen v. ITT Fin. Servs. Corp.*, 762 F. Supp. 752, 757 (E.D. Tenn. 1991). Thus, a plaintiff cannot prospectively waive his right to

3

have his Human Rights Act claims heard in federal court. *Id.* So Pitman's claims must be arbitrated, except for his claims under the Human Rights Act.

For these reasons, BSH's motion to compel arbitration is **GRANTED** as to Pitman's Workers' Compensation Law and Disability Law claims, and **DENIED** as to his Human Rights Act claims. This case is **STAYED** while the parties arbitrate. The parties are **ORDERED** to file a joint status report within seven days of arbitration's end.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE